# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SCOTT M. THORNTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-801-D |
| | ) | |
| **LARRY HILL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a detainee in the Oklahoma County Detention Center appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, it is recommended that the action be dismissed upon filing for failure to state a claim upon which relief may be granted.

In this action, Plaintiff names the following Defendants, all of whom he identifies as employees of the Oklahoma County Detention Center: Larry Hill, unit manager; Brandon Western, disciplinary officer; Lieutenant Hanson, shift commander; and Bobby Carson, jail administrator. Complaint, p. 1, 2, 2c. Plaintiff alleges that on July 20, 2008, he was charged for misconduct related to an altercation with another inmate. Id. at 2. He alleges that he was found guilty and received sanctions in the form of 30 days detention in the disciplinary segregation unit, with 10 of those days suspended. Id. at 2a.

In Count One, Plaintiff contends that the disciplinary action did not comply with the

requirements of due process because he was not advised of the behavior underlying the charge, received no written explanation for the finding of guilt, and because there was no administrative approval of the sanctions prior to their enforcement. Id. at 3. In Count Two, he claims that the manner in which the disciplinary action was administered and the disparity of punishments received by he and the other inmate involved in the altercation runs afoul of the due process clause and amounts to retaliation for another civil rights lawsuit filed by Plaintiff against Defendant Hill. Id.

## I.  INITIAL SCREENING STANDARD

In any action filed by a person proceeding in forma pauperis, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint." Carson v. Tulsa Police Dep't, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008) (quotation and alteration omitted) (applying plausibility standard set forth in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1970 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).[1]  "The complaint must plead sufficient facts, that when

---

[1] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. March 11, 2008) (quoting Twombly, 127 S. Ct. at 1965). In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. at 1110. The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege the deprivation of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 ( 1999). As discussed below, Plaintiff cannot prevail in a § 1983 action against the named Defendants on the facts alleged. Further, because giving Plaintiff an opportunity to amend would be futile, the complaint should be dismissed. See Hall, 935 F.2d at 1110.

## II. ANALYSIS

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck to judgments in prison disciplinary proceedings. Specifically, the Court held that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under § 1983 unless the prisoner can demonstrate the sanction has previously been invalidated. Edwards, 520 U.S. at 648.[2]

Here, Plaintiff is alleging that prison officials violated his due process rights when they failed to specify the behavior underlying the misconduct charge, failed to specify the evidence relied upon in reaching the determination of guilt, and failed to secure approval of the result before implementing the sanctions. Complaint, p. 3. He also claims that Defendant Hill's decision to charge him with the misconduct was motivated by retaliation. Id. As relief, he seeks an injunction prohibiting future retaliatory acts, expungement, and damages. Id. at 5. Plaintiff's claims clearly challenge the validity of the disciplinary proceeding and the resulting disciplinary sanctions. Thus, a judgment in favor of Plaintiff would necessarily imply the invalidity of the punishment imposed by the July 2008 disciplinary action, and

---

[2]The plaintiff prisoner in Edwards had alleged that he was deprived of the opportunity to present any exculpatory evidence at his disciplinary hearing and that the hearing officer "intentionally denied" him the right to present exculpatory statements. Edwards, 520 U. S. at 647. Although the plaintiff in Edwards limited his request to declaratory relief and monetary damages, and had not specifically requested a restoration of good time credits, the Supreme Court concluded that if he established the principal procedural defect that he alleged, this result necessarily implied the invalidity of the deprivation of his good time credits.

Plaintiff has failed to show that the disciplinary proceeding has been reversed, expunged or declared invalid.  See Edwards, 520 U.S. at 646 ("The principal procedural defect complained of by [the plaintiff prisoner] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits.").

The fact that Plaintiff alleges retaliation in addition to his due process challenge does not change this result.  As stated by the Tenth Circuit:

> The fact that plaintiff is also asserting a retaliation claim does not change this result. First, like the prisoner in Edwards, plaintiff is claiming that the prison officials acted in a deceitful and biased manner when they prosecuted him for the menacing offense. See Edwards, 520 U.S. at 647 (noting that prisoner was "asserting that the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer"). Second, plaintiff's allegations of deceit and bias form the basis of both his due process claim and his retaliation claim, and his ability to recover on either of these claims will depend upon whether he can establish that his menacing conviction was based on false allegations. As a result, in order to prevail on his retaliation claim, plaintiff must necessarily establish that his conviction for the menacing offense was wrongfully obtained, and therefore invalid. Thus, plaintiff's retaliation claim is not cognizable under § 1983 unless and until the menacing conviction has been expunged or overturned as a matter of state law.

Roberts v. Champion, No. 03-5062, 91 Fed. Appx. 108, 110, (10th Cir. Feb. 11, 2004); see Reed v. Smith, No. 97-6341, 1999 WL 345492, at *2 (10th Cir. June 1, 1999) (finding federal prisoner's allegation that prison officials conspired to present false evidence at the disciplinary hearing necessarily implied that the result of the hearing--the loss of good time credits and the imposition of disciplinary segregation--was invalid and affirming district court's dismissal of inmate's due process claim without prejudice); Lopez v. Maxwell, No. 97-5153, 1998 WL 237253, at *3 (10th Cir. May 12, 1998) (assuming state prisoner had

properly raised a damages claim, such claim would not be cognizable under § 1983 because the findings in his disciplinary hearing had never been "invalidated" by issuance of a writ of habeas corpus); Klein v. Coblentz, No. 96-1289, 1997 WL 767538, at *4 (10th Cir. Nov. 19, 1997)(plaintiff's claim that he was framed by prison authorities in connection with his disciplinary proceeding "is indistinguishable from [those raised in Edwards] and would necessarily imply the invalidity of the punishment imposed").

Because Plaintiff has failed to demonstrate that the prison disciplinary proceeding has already been invalidated, the undersigned finds that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.[3] Accordingly, this action should be dismissed without prejudice. Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice."). Furthermore, after Plaintiff has exhausted or waived his appeal, this dismissal should count as a strike, and will constitute Plaintiff's third "prior occasion" under 28 U.S.C. § 1915(g).[4] See Davis v. Kansas Dept. of Corrections, 507 F.3d 1246, 1249 (10th Cir. 2007) (finding plaintiff's claim

---

[3]In Edwards, the Supreme Court left open the possibility of a claim for injunctive relief, but emphasized that the plaintiff would have to establish the usual requirements for equitable relief. See Edwards, 520 U.S. at 648-49 (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). In this case, there is no sufficient pleading to warrant equitable relief based on the allegedly defective prison disciplinary hearing. Any such relief would be, based on the pleading here, an unwarranted interference with future disciplinary hearings without any showing of irreparable injury and the inability to obtain adequate relief through legal remedies. See O'Shea, 414 U.S. at 499-504. Thus, to the extent Plaintiff's claim for prospective injunctive relief is not barred by Heck and Edwards, such relief should be denied on the merits.

[4]Plaintiff was also awarded § 1915(g) strikes in Thornton v. Kelly, No. CIV-07-253-T (W.D. Okla. May 25, 2007) and Thornton v. Oklahoma County Public Defender, No. CIV-07-317-D (W.D. Okla. Dec. 11, 2007).

fell squarely within the Heck holding and assessing two strikes against plaintiff).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim under the principles established in Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). It is further recommended that upon either exhaustion or waiver of appeal, this dismissal count as a strike, and be counted as Plaintiff's third "prior occasion" under 28 U.S.C. § 1915(g). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 29, 2008, in accordance 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Plaintiff and to send a copy of the complaint and the Report and Recommendation to the District Attorney for Oklahoma County at the following address: 320 Robert S. Kerr Ave., Suite 505, Oklahoma City, Oklahoma 73102 on behalf of the Defendants.

**ENTERED this 8th day of September, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE