IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SCOTT M. THORNTON, )
)
Plaintiff, )
)
v. ) Case No. CIV-08-801-D
)
LARRY HILL, *et al*., )
)
Defendants. )

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Within the time period for objections, Plaintiff filed a Motion for Extension of Time [Doc. No. 9], followed promptly by an Objection to the Report and Recommendation [Doc. No. 10]. The Court will consider the Objection to be timely filed. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, an inmate appearing *pro se*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged constitutional violations that occurred when he was found guilty of misconduct for being involved in an altercation with another inmate in the Oklahoma County Detention Center.[1] Upon initial screening of the Complaint, as required by 28 U.S.C. § 1915A, Judge Argo recommends that the action be dismissed without prejudice as barred by the principles announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the

---

[1] In the Complaint, Plaintiff also requests expungement of the conviction, but in the Objection, Plaintiff states he withdraws this request if it prevents his Complaint from being heard in this case.

Supreme Court held that a prison inmate cannot bring a civil action for damages under § 1983 to challenge an adverse disciplinary decision unless the inmate can demonstrate that the decision has previously been invalidated. In this case, because Plaintiff does not allege that his misconduct conviction has been invalidated, Judge Argo finds that the Complaint fails to state a claim upon which relief can be granted under § 1983.

Plaintiff objects to the Report on grounds that *Heck* and *Edwards* do not preclude this action. Plaintiff argues that he seeks to challenge the procedures used to convict him of misconduct and the retaliatory use of disciplinary procedures against him; he disclaims an intention to challenge the result of the disciplinary proceeding or the lawfulness of his continuing confinement. In Plaintiff's view, this distinction removes him from the reach of *Edwards*. Plaintiff relies for his position on *Wolff v. McDonnell*, 418 U.S. 539 (1974), in which the Supreme Court recognized a right of due process in the context of prison disciplinary proceedings.

Upon *de novo* review of the record, the Court is unpersuaded by Plaintiff's arguments. The Supreme Court in *Edwards* considered "the question whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983." *Edwards*, 520 U.S. at 643. Contrary to Plaintiff's position, the Court held that, even though a prisoner challenges only the procedures used to obtain the disciplinary conviction and does not claim the result was wrong, a claim cannot be brought under § 1983 if the nature of the claim is such that the alleged procedural defect "would, if established, imply the invalidity of the deprivation of his good-time credits." *Id*. at 646. Here, Plaintiff claims due process violations in the failure to provide him "with written notice of his offending conduct or written explanation of the finding of guilt" and in the imposition of a retaliatory punishment based on a misconduct report prepared solely at the direction of an officer against whom Plaintiff had

previously filed suit. *See* Compl. [Doc. 1] at 3. Such allegations "necessarily imply the invalidity of his disciplinary conviction" and trigger *Edwards*. *See Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007).

An examination of the alleged facts raises some concern, however, regarding the application of *Edwards* to Plaintiff's claim. The rule announced in *Edwards* was an extension of *Heck* and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), which held that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus. *Edwards* applies when a prisoner challenges a loss of good time credits or other discipline that affects the duration of physical confinement and so implicates habeas corpus principles. *See, e.g., Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000) (*Edwards* "has been read as mandating the use of habeas only when the claim, if successful, will inevitably necessitate invalidation of a decision creating, extending, or refusing to curtail custody"). Here, Plaintiff's alleged discipline was simply a term of confinement in disciplinary segregation during his detention in the county jail. His punishment does not appear to implicate habeas corpus principles, and thus, the rule of *Edwards* may be inapplicable.

In that event, however, Plaintiff's allegations implicate the rule of *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995), in which the Supreme Court held that a prisoner's disciplinary punishment of 30 days in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and did not affect the duration of his sentence and, therefore, did not implicate "a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*." Here, Plaintiff alleges that he received a punishment of "30 days disciplinary segregation, with 10 days suspended for 30 days" and, as a result, "was moved to 13-C pod" from 12-C pod. *See* Compl. [Doc. 1] at 2a-2b. Because Plaintiff has failed to allege

a deprivation that "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," he has failed to allege the deprivation of a liberty interest under *Sandin*, 515 U.S. at 484. Accordingly, for this additional reason, the Complaint contains insufficient factual allegations to state a cognizable § 1983 claim and should be dismissed. *See Klein v. McClaury*, No. 00-1065, 2000 WL 1005238, *1 (10th Cir. July 20, 2000) (holding that to the extent *Edwards* did not apply to a prisoner's due process claim, the claim implicated *Sandin* and dismissal without prejudice was warranted).[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to File Objection [Doc. No. 9] is granted. However, the Objection [Doc. No. 10] is overruled. The Report and Recommendation [Doc. No. 8] is adopted with respect to Judge Argo's finding that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Judgment will be entered accordingly.

IT IS SO ORDERED this 20th day of October, 2008.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).